*1142
 
 JANE P. WISEMAN, Chief Judge.
 

 1 1 The Department of Rehabilitation Services (Department) appeals from an order of the trial court reversing an order of the Oklahoma Merit Protection Commission (MPC) on the issue of attorney fees and costs. The issue confronting us is whether the decision of the MPC is supported by the evidence and applicable law. . Our review shows that it is, a conclusion which therefore requires reversal of the District Court decision.
 

 FACTS AND PROCEDURAL BACKGROUND
 

 ¶2 Kenneth Simington was employed by Department. He filed an internal grievance alleging his proper classification should be Programs Manager II, instead of his then-current classification, Programs Manager I. Department determined Simington was properly classified as Programs Manager I. Simington requested review of Department's decision by the Office of Personnel Management. The OPM completed a review of the position occupied by Simington and concluded "the majority of the duties and responsibilities contained in this position are included in the job family and job family level of: H10B-Programs Manager II." The OPM approved a reallocation promotion for Simington to Programs Manager, H10B. In October 2006, the OPM requested further information from the director of the Department, Linda Parker, about the duties and responsibilities assigned to the H10B position. After Parker submitted the requested information, the OPM determined the proper allocation for Simington's position was H10A-Programs Manager, Level 1.
 

 13 Department notified Simington of the proposed involuntary demotion and informed him that it intended to reclassify him as a "Program Manager 1, H10A, in order for [his] classification 'to match the allocation of the position" he occupies. The Department notified Simington that his salary would not be reduced as a result of the involuntary demotion.
 

 § 4 Simington sent a letter to Department stating the reasons he thought the demotion was improper. On February 22, 2007, Department notified Simington of its final decision to involuntarily demote him. Simington filed an appeal with the MPC claiming he had been involuntarily demoted and hired an attorney to represent him in the appeal.
 

 15 Department filed a motion for summary judgment which Simington opposed claiming the following: (1) Department "unofficially pressured" OPM to change its initial ruling on Simington's position; (2) after OPM's initial decision regarding Simington's position became final, Department was prohibited from reopening the matter; (8) Department provided different material to the OPM in the re-examination of his position than it did in the first examination; (4) the OPM internally reassigned Simington's case "to different OPM personnel to develop a different decision"; and (5) although the OPM changed its ruling, Simington's tasks and responsibilities did not change.
 

 1 6 A prehearing conference order was entered on May 16, 2007, in which the sole issue listed was Simington's demotion. The matter was set for hearing on July 20, 2007. On July 9, 2007, an administrative law judge denied the Department's motion for summary judgment.
 

 T7 Department subsequently moved to dismiss the appeal on the ground that, although Simington filed the action to be restored to the position he held prior to demotion, he left his employment with Department and obtained employment in another state. Department also alleged Sim-ington's rate of pay "was not cut when he was demoted, so there is not an issue regarding his right to any form of back pay." Department claimed the appeal should be dismissed because it was moot.
 

 T8 Simington filed an objection to the motion to dismiss claiming that the appeal was not moot because the demotion harmed Simington's opportunity for future advancement and future employers may see the demotion as a disciplinary action. Simington also argued the appeal was not moot because it alleged unlawful conduct by Department. He also asserted "he was subjected to harassment and workplace difficulties" after
 
 *1143
 
 he filed his grievance and was forced to leave Department.
 

 T9 On October 30, 2007, Department offered to remove the demotion from Siming-ton's personnel record so that the record would indicate he was a Programs Manager II when he left Department. Simington responded that the offer by the Department "offers no redress for damages to his employment opportunities already inflicted by [Department's] unlawful actions, it does not make [Department] or other co-conspirators accountable for deliberate evasion and violation of the Merit Rules, and it does not provide any documents lawfully requested by Mr. Simington in discovery."
 

 {10 P. Kay Floyd, an administrative law judge, issued a decision granting Department's motion to dismiss. The ALJ found that Simington retired from his job as Programs Manager in June 2007 and "(hle is therefore no longer eligible for 'reinstatement' to the class previously held." The ALJ also found Simington never received a reduction in pay so there were no benefits or loss of pay issues to address. The ALJ stated the Department "will completely remove the demotion from [Simington's] file so his personnel record will indicate that when he left the [Department] he was a Programs Manager II-the position he held prior to his demotion to Programs Manager I."
 

 {11 The ALJ found persuasive Department's argument that the appeal was moot. The ALJ further found the other issues raised by Simington were new issues that had not been contained in his appeal petition or prehearing conference statement. The ALJ concluded that Simington's request for attorney fees and costs was premature and not made according to procedures set forth by rule or statute.
 

 {12 On January 17, 2008, Simington filed an application pursuant to 74 0.8.2001 § 840-6.8 seeking attorney fees of $12,150 and costs of $389.19. The ALJ filed an addendum decision on February 12, 2008, that stated:
 

 On January 7, 2008 [Department's] Motion to Dismiss was granted and no hearing on the merits of this case was held. It is clear from the language in both Title 74 O.S., § $40-6.8 and Merit Rule 455:10-15-1 that a hearing is required prior to the request for attorney fees and costs being made. If there is no hearing, there can be no "presiding officer of any hearing" to make a determination who is the prevailing party, if the non-prevailing party's position was without reasonable basis or was frivolous, and what fees and costs should be paid. Only after a hearing is held may a party file for attorney fees and costs as allowed in Title [74] O.S., § 840-6.8 and Merit Rule 455:10-15-1.
 

 The ALJ found Simington ineligible for an award of attorney fees and costs.
 

 113 Simington also filed on January 17, 2008, a motion for rehearing, reopening or reconsideration of the dismissal claiming he filed the action based on unlawful demotion and he prevailed in the action. He claimed Department's "position was without reasonable basis or was frivolous." On February 22, 2008, Simington filed a motion for rehearing, reopening, or reconsideration of the denial of his request for attorney fees and costs.
 

 [ 14 Simington's requests for reconsideration of the decision on the motion to dismiss and on his application for attorney fees and costs were heard en bane before the Commissioners of the MPC. The Commissioners voted to deny the motions for reconsideration.
 

 'I 15 Simington appealed the decision to the District Court of Oklahoma County. Without stating on which of the grounds enumerated in 75 0.$.2001 § 322 it relied,
 
 [1]
 
 the trial court reversed the decision of the MPC as to attorney fees and costs and remanded the matter for an evidentiary hearing to determine whether Department's position in Sim-
 
 *1144
 
 ington's case "was without reasonable basis." The trial court further stated that it was not addressing the other issues Simington raised in his appeal to the district court.
 

 116 Department appeals the trial court's reversal of the order denying attorney fees and costs.
 

 STANDARD OF REVIEW
 

 117 Under the Oklahoma Administrative Procedures Act, the District Court and this Court apply the same standard of review for agency actions. City of Tulsa v. State ex rel. Pub. Employees Relations Bd., 1998 OK 92, ¶12, 967 P.2d 1214, 1219. Our review, like the district court's, is limited. Carpenters Local Union No. $29 v. State ex rel. Dep't of Labor, 2000 OK CIV APP 96, ¶3, 11 P.3d 1257, 1259. We will set aside a decision of an administrative law judge only if we determine that one or more of the grounds listed in 75 O.S.2001 § 322 is shown.
 
 [2]
 
 Id. We may not disturb the decision of an administrative agency "unless our review of the record leads us to a firm convietion that the agency is mistaken." Id.
 

 ANALYSIS
 

 T18 Title 74 O.S.2001 § 840-6.8(A) provides the following: "The presiding officer of any hearing or Alternative Dispute Resolution Program proceeding before the Oklahoma Merit Protection Commission may require payment of reasonable attorney fees and costs to the prevailing party if the position of the nonprevailing party was without reasonable basis or was frivolous."
 

 119 The Oklahoma Administrative Code (O.A.C.) also addresses the issue of prevailing party attorney fees in actions before the MPC. Specifically, 0.A.C. 455:10-15-1(a) provides that in an appeal before the MPC, "A presiding official of any hearing or Alternative Dispute Resolution Program procedure may order payment of reasonable attorney fees and costs to the prevailing party if the position of the nonprevailing party was without reasonable basis or was frivolous." The burden of proof is on the party seeking attorney fees. O.A.C. 455:10-15-1(b). "To be entitled to an award of attorney fees and costs, the prevailing party shall be deemed to have prevailed if he or she received all or a significant part of the relief sought through the appeal." O.A.0. 455:10-15-1(c). Subsection (c) further provides, "There shall be a finding that the nonprevailing party's position was without reasonable basis or was frivolous." Id. Subsection (d) provides the following:
 

 The without reasonable basis or frivolous standard includes, but is not limited to:
 

 (1) where the nonprevailing party's action was clearly without merit or was wholly unfounded;
 

 (2) where the nonprevailing party initiated an action against the prevailing party in bad faith, including where the action was brought to harass or intimidate the prevailing party;
 

 (8) where the nonprevailing party committed a gross procedural error which prolonged the proceeding or severely prejudiced the prevailing party; and
 

 (4) where the nonprevailing party knew or should have known he or she would not prevail on the merits of the action taken.
 

 0.A.C. 455:10-15-1(d).
 

 120 On appeal, Department asserts that because Oklahoma follows the American Rule on the subject of attorney fees, attorney fees can only be awarded if provided for by statute or contract. Department argues that the statute dealing with attorney fees in MPC cases, 74 0.98.2001 § 840-6.8(A), only allows attorney fees and costs to the prevailing party after a hearing on the merits has been held "where the evidence is presented and challenged."
 

 1 21 A hearing is defined by O.A.C. 455:10-1-2 as follows:
 

 [AJn open, formal proceeding conducted by an Administrative Law Judge, Executive Director or Commissioners to decide an appeal. The proceeding is to provide each party with an opportunity to present evidence in support of their side of the case. The hearing is governed by the Oklahoma Administrative Procedures Act, Sections
 
 *1145
 
 809 through 316 of Title 75 of the Oklahoma Statutes.
 

 We decline to construe the above section as narrowly as Department urges us to. The statute and administrative rule allow "the presiding officer of any hearing" to award attorney fees and costs to a prevailing party under certain cireumstances. As defined in O.A.C. 455:10-1-2, a "hearing" is an "open, formal proceeding conducted by an Administrative Law Judge, ... to decide an appeal." This proceeding is designed to provide the parties the "opportunity to present evidence in support of their side of the case."
 

 {22 According to the ALJ's January 7, 2008, "Decision Regarding Appellee's Motion to Dismiss," the ALJ held a hearing on September 21, 2007, at which the parties presented oral argument on the issues in the motion. The ALJ considered the briefs of the parties as well as documentation later submitted in the form of a letter from Department to MPC confirming that Department would remove the demotion from Sim-ington's file so his personnel record would reflect his Programs Manager II designation. After considering these matters presented at the hearing and afterwards, the ALJ decided Simington's appeal-she granted the motion, dismissing the appeal as moot as a matter of law, there being no decision to be rendered that could have any practical effect on the existing dispute. It cannot be debated that no evidentiary hearing was held because the appeal was dismissed as moot, negating the necessity to present evidence on disputed issues of fact.
 

 123 Thus, at the hearing on Department's motion to dismiss, although the parties would have been entitled to present evidence to support their positions, had the need arisen, the motion to dismiss presented a matter of law which obviated that opportunity. This is consistent with our holding in French v. State of Oklahoma ex rel. Oklahoma Department of Corrections and Oklahoma Merit Protection Commission, 239 P.3d 195 (Okla.Civ.App.2010). We read the definition of "hearing" to mean proceedings for the purpose of presenting issues disposi-tive of the appeal with the right by all parties to present evidence to support their positions on those issues, not merely those occasions on which the right to present evidence has been exercised. The ALJ was the presiding officer of that hearing at which the issues dispositive of the appeal were heard. The ALJ was therefore authorized, but not mandated, to award attorney fees and costs pursuant to 74 0.98.2001 $ 840-6.8(A) and 0.A.C. 455:10-15-1 if the prevailing party could meet the appropriate criteria regarding the position of the nonprevailing party.
 

 124 Having concluded that the award of attorney fees and costs is not precluded by the nature of the hearing at issue here, we nevertheless agree with the ALJ's ultimate denial of such an award. The order dismissing the case as moot has not been appealed and has become final. In the face of an order of dismissal based on mootness, there can be no basis for an award of attorney fees and costs to Simington as the "prevailing party," and we cannot categorize Department, having succeeded in its quest to have the appeal dismissed for mootness, as "the nonprevailing party." The ALJ's decision to deny Simington's request for attorney fees and costs was correct. If the trial court's judgment is correct, although based on incorrect reasoning, it will not be disturbed on appeal. Harvey v. City of Oklahoma City, 2005 OK 20, ¶ 12, 111 P.3d 239, 243.
 

 25 In summary, the ALJ's denial of Sim-ington's application for attorney fees and costs and MPC's subsequent refusal to reconsider that denial were correct. We find no basis on any of the grounds enumerated in 75 0.S$.2001 § 322 to reverse the MPC's decision that attorney fees and costs are not recoverable in Simington's appeal, and the trial court's decision must be reversed.
 

 CONCLUSION
 

 126 We find no error in the MPC's decision denying Simington's application for attorney fees and costs. The reversal of the MPC's decision by the trial court is reversed.
 

 127 REVERSED.
 

 FISCHER, P.J., and BARNES, J., concur.
 

 [1]
 

 . Title 75 0.$.2001 § 322 provides that an agency order may be set aside, modified, or reversed if the order (1) violates a constitutional provision; (2) was "in excess of the statutory authority or jurisdiction of the agency;" (3) was "made upon unlawful procedure;" (4) was "affected by other error of law;" (5) was "clearly erroneous;" (6) was "arbitrary or capricious;" or (7) "because findings of fact, upon issues essential to the decision were not made although requested."
 

 [2]
 

 . See footnote 1 infra.